**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JESSICA BERGER** | : | **CIVIL ACTION NO.** |
| | : | |
| **VERSUS** | : | **JUDGE** |
| | : | |
| **ROLLINS, INC., AND ORKIN, INC.,** | : | **MAGISTRATE** |
| **successor in interest to ORKIN** | : | |
| **EXTERMINATING COMPANY, INC.,** | : | **DEMAND FOR JURY TRIAL** |
| **D/B/A ORKIN PEST CONTROL** | : | |

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Jessica Berger, Plaintiff herein, who respectfully files this Complaint against Defendants, Rollins, Inc., and Orkin, Inc., successor in interest to Orkin Exterminating Company, Inc. d/b/a Orkin Pest Control, as follows:

## JURISDICTION AND VENUE

1.

Subject matter jurisdiction of this Honorable Court is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's claims are based, in part, upon Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e, *et seq.*, with this Court having supplemental jurisdiction over all other claims asserted herein that are founded in the law of the State of Louisiana.

2.

Venue is proper in this Court because the violations of federal and state laws upon which this Complaint is based occurred in Terrebonne Parish, Louisiana, which is located in the Eastern District of the United States District Courts of Louisiana.

**PARTIES**

3.

Plaintiff, Jessica Berger (hereinafter "Berger" or "Plaintiff"), is a person of the full age of majority who presently resides and is domiciled in Jefferson Parish, Louisiana.

4.

Made a Defendant herein is Rollins, Inc. (hereinafter "Defendant"), a Delaware corporation maintaining its principal place of business in Fulton County, Georgia, and being authorized to do, and doing, business in the State of Louisiana.

5.

Made a Defendant herein is Orkin, LLC., individually and as a successor in interest to Orkin Exterminating Company d/b/a Orkin Pest Control (hereinafter "Defendant"), a foreign company authorized to do, and doing, business in the State of Louisiana.

**FACTUAL BACKGROUND**

6.

At all times relevant herein, Defendants were engaged in the business of providing pest control services and protection against damage caused by termites, rodents and insects to customers in the Terrebonne Parish, Louisiana area.

7.

In September 2013, Berger, who is female, began her employment with Defendants as an Account Manager at Defendants' Houma, Louisiana, Terrebonne Parish location--Orkin Pest Control Branch No. 286 ("hereinafter OPC").

8.

When Berger began her employment she was one of approximately 10 female employees employed at Defendants' OPC location. Unlike the majority of her female co-workers, Berger was one of three female employees that could not wear an OPC uniform to work; rather, she was required to wear "dress casual" attire.

9.

As an account manager, Berger's responsibilities included, but were not limited to, customer prospecting, developing and presenting OPC marketing strategies, inspecting customer premises and preparing customer service plans.

10.

From September 2013 until February 2014, Berger worked under the direct supervision of Wayne Zimmerman, OPC Branch Manager. During this time, Berger received favorable comments and feedback about her job performance and had no incidents of dissatisfactory performance on her employment record, nor did she have any complaints about OPC's work environment.

11.

However, in February 2014, Defendants replaced Zimmerman with H. Russell Fielder as OPC's Branch Manager. In March 2014, after Fielder became Berger's supervisor, Berger's work environment changed.

12.

Beginning in March, 2014 and continuing through May, 2014, Fielder engaged in the following behavior in Berger's presence on a daily and/or weekly basis:

A. Grabbing his crotch while facing Berger;

B. Telling sexually explicit jokes and stories containing sexual content;

C. Staring and leering at Berger's breasts;

D. Standing uncomfortably close to Berger to smell the type of perfume she was wearing and making comments about same; and

E. Commenting and making sexually suggestive innuendo about Berger's attire.

13.

On or about May 1, 2014, in an effort to end the harassment, while Fielder was discussing how he bought his wife "titties" and giving her a "sperm sample," Berger complained to Fielder about the problems and difficulties she was experiencing because of his conduct. She specifically told Fielder to stop.

14.

Instead of ending or even curbing the harassment, on or about May 2, 2014, Fielder presented Berger with a formal reprimand and threatened her with termination for her use of the "F"-word in the office, even though Fielder himself and numerous other OPC employees openly and routinely used the "F"-word in the office during office hours.

15.

After receiving the formal reprimand, Berger contacted Paul Strickland, Defendant's Regional Sales Manager, to complain about her mistreatment. Thereafter, Strickland contacted Defendant's Human Resource representatives ("HR") to investigate Berger's complaint.

16.

During her meeting with HR, Berger informed Defendants' HR representative that

Fielder had been mistreating her for more than three (3) months. Berger provided details of the specific actions Fielder had taken against her to date and fully expressed the effect Fielder's conduct was having on her personal life and welfare.

17.

Instead of taking Berger's complaint about mistreatment seriously, however, Defendant's human resource representatives turned the purported "investigation" into a performance evaluation session and began questioning Berger about her job performance.

18.

Defendants' HR personnel ignored Plaintiff's plea for help and failed to implement any remedial measures or reprimand Fielder in an effort to stop or curb Fielder's misconduct.

19.

After Fielder learned that Berger had contacted upper management about OPC's workplace environment, Defendants' treatment of Berger went from bad to worse:

A. Fielder told Berger that she could no longer have any interaction with OPC personnel unless he was present;

B. In late May of 2014, although Berger was responsible for inspecting a residence in the furtherance of a bed bug extermination sale, Fielder accredited and awarded the contract to a male colleague;

C. In June of 2014, an OPC office representative received a "sales lead" on an account that Berger was responsible for. Instead of informing Berger about the call, upon information and belief, Fielder gave the "sales lead" to Larry Nagy, a male account manager. Nagy was awarded all earned

commission from the account, commission from the aforementioned "sales lead," and commission from the sales worked by Berger.

D. Upon learning that Berger has a disability, Fielder thereafter informed upper management about his findings and launched his own investigation, which included openly questioning Berger's colleagues about her mental health.

20.

Fielder made it extremely difficult for Berger to perform her job duties. He repeatedly demeaned and humiliated her in the workplace in front of her co-workers.

21.

Fielder routinely yelled at Berger, challenging her in front of her co-workers and repeatedly threatened to terminate Berger's employment.

22.

As a direct result of Fielder's extreme and outrageous conduct and persistent threats, Plaintiff Berger began suffering severe mental and emotional effects from the unlawful conduct that Defendants allowed to go unchecked, including but not limited to:

a) She could no longer sleep during the night;

b) She suffered constant and persistent crying spells;

c) She experienced great difficulty in maintaining relationships;

d) She constantly feared for her job and even her life; and

e) She could no longer cope with her fear and anxiety.

23.

On or about August 15, 2014, Defendants terminated Berger's employment. One month

later, she suffered a miscarriage.

24.

At all times relevant, Defendants were responsible for the acts of its employee, Russell Fielder.

25.

At all relevant times, Defendants were liable for the conduct described herein, as carried out by their managers, employees and agents, including Fielder, under the doctrine of Respondeat Superior.

26.

All of the actions complained of herein were undertaken with malice and/or reckless indifference to Berger's state and federally protected rights.

27.

Plaintiff suffered real, substantial emotional distress as a direct and proximate result of the Defendants' actions, omissions, and the events that took place after Fielder became OPC's Branch Manager.

28.

Defendants had actual and constructive knowledge of Fielder's persistent sexual harassment and discriminatory conduct against Plaintiff. Defendants' failure to properly investigate Plaintiff's complaints caused irreparable mental, emotional and professional harm to Plaintiff.

29.

As a result of the unlawful actions described above, Defendants are liable to Berger for damages, including mental anguish; humiliation and embarrassment; loss of reputation; loss of

enjoyment of life; foreseeable and unforeseeable damages, compensatory damages; punitive damages; prejudgment interest; attorney's fees and all costs of these proceedings.

30.

On May 9, 2014, Plaintiff forwarded a charge questionnaire to the Equal Employment Opportunity Commission ("EEOC"). On August 27, 2014 and, after making several modifications, on March 3, 2015, Berger signed a Charge of Discrimination complaining of discrimination based on sex discrimination and retaliation and forwarded same to the EEOC. On June 3, 2015, the EEOC issued a "Notice of Right to Sue" letter related to claims arising under Title VII of the Civil Rights Act of 1964, as amended. Plaintiff received the "Notice of Right to Sue" on June 9, 2015. Plaintiff has met all administrative prerequisites for the bringing of this action.

**Count I: Sexual Harassment under Title VII: Hostile Work Environment**

31.

Plaintiff realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 30 above as though fully restated verbatim herein.

32.

As alleged herein, Defendant Fielder undertook an intentional pattern of uninvited sexually harassing conduct toward Plaintiff because of her gender, causing her to endure severe and pervasive harassment that negatively affected the terms and conditions of her employment.

33.

Plaintiff suffered intentional, unwanted discrimination of a severity far exceeding what any reasonable person of the same gender would find detrimental and harmful.

34.

Defendants' HR representatives and leadership knew of the ongoing pattern of sexual harassment being suffered by Plaintiff or should have known of such discrimination being carried out by Fielder upon Plaintiff, yet did nothing to stop it.

35.

As a direct and proximate result of the hostile work environment, Plaintiff suffered compensable injury and damages.

36.

The combined actions of the Defendants, as described above, constitute violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e, *et seq*., and Louisiana's Employment Discrimination Laws, La. R.S. 23:301, *et seq*., thus rendering Defendants liable unto Plaintiff for compensatory and punitive damages.

**Count II: Retaliation**

37.

Plaintiff realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 36 above as though fully restated verbatim herein.

38.

Defendants' actions, including but not limited to the termination of Berger's employment, constitute unlawful retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*., and Louisiana's Employment Discrimination Laws, La. R.S. 23:301, *et seq*., and other applicable laws and statutory provisions.

39.

Plaintiff demands trial by jury on all issues so triable herein.

WHEREFORE, Plaintiff, Berger, prays that Defendants be duly cited and required to appear and answer Plaintiff's Complaint and Jury Demand and, after all due proceedings and legal delays, there be judgment rendered herein in favor of Plaintiff and against Defendants as detailed in the foregoing Complaint and Jury Demand, in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, attorneys' fees and for any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

Respectfully submitted,

s/ G. Karl Bernard
G. Karl Bernard (#24294)
G. KARL BERNARD & ASSOCIATES, LLC
1615 Poydras Street, Suite 220
New Orleans, Louisiana 70112
Telephone: (504) 412-9953
Facsimile: (504) 412-8088
karlbernardlaw@bellsouth.net

Attorney for Plaintiff, Jessica Berger